IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
DIVISION OF HARTFORD

| | |
|---|---|
| **ASHFIELD HEALTH LLC,** | Case No. 21-cv-004170-VAB |
| **Plaintiff,** | |
| v. | |
| **MATTHEW JACOBSON,** | Dated: April 1, 2021 |
| **Defendant.** | |

**SO ORDERED SCHEDULING ORDER FOR
PLAINTIFF ASHFIELD HEALTH LLC'S EMERGENCY MOTION FOR
ORDER SEEKING TEMPORARY RESTRAINTS AND PRELIMINARY INJUNCTION**

Pursuant to this Court's March 30, 2021 Order [Doc. 20], counsel met and conferred concerning an expedited discovery and hearing schedule in this matter at 11:30 A.M. on March 31, 2021. During the conference, counsel developed the following expedited discovery schedule in support of, and in defense of, Plaintiff Ashfield Health LLC's ("Ashfield") Emergency Motion for Order Seeking Temporary Restraints and Preliminary Injunction [Doc. 3] as against Matthew Jacobson ("Jacobson").

Counsel agreed to the following schedule:

1. On or before April 1, 2021 at 5:00pm, Jacobson shall provide Ashfield an affidavit or declaration pursuant to 28 U.S.C. § 1746 confirming that he has not commenced his employment or any other affiliation with Helios Medical Communications Limited ("Helios").

   a. For purposes of clarity, Helios shall include all of Helios' subsidiaries, affiliates, successors, companies under its control, or any entity that has been organized and/or is controlled by Helios, whether in the United States or any other country.

1

      b.      Such affidavit shall include an affirmative representation that Jacobson has not, as of the date of the affidavit, received any compensation, in any form, from Helios, nor has he provided any services or property of any kind to Helios for which he would be entitled or expects future remuneration.

      c.      Jacobson shall provide additional affidavits setting forth the same representations as set forth above in 1(a) and (b) on each of the following dates, if such information remains correct: April 8, 2021 by 5:00pm; April 15, 2021 by 5:00m; April 23, 2021 at 5:00pm; and April 28, 2021 at 5pm.

      d.      The affidavits described herein will be provided without further demand.

2.      Counsel for Jacobson has previously provided counsel for Ashfield with an External Hard Drive and written permission to view only the file names on the External Hard Drive. Ashfield has conducted a forensic analysis of said External Hard Drive, and counsel for Jacobson has not yet been given permission to counsel for Ashfield to review the files contained thereon.

      a.      Counsel for Jacobson shall provide counsel for Ashfield with a written communication identifying or describing the files on the External Hard Drive that Jacobson transferred or downloaded from Ashfield's server or other Ashfield resources by 5:00pm on April 1, 2021 such that Ashfield is able to review the files and documents that Jacobson downloaded from Ashfield's servers and other Ashfield sources.

      b.      Jacobson represents that he did not alter or destroy any content on the External Hard Drive or any of the files that it contains prior to providing it to Ashfield, except for segregating what he believed to be Ashfield files into a file folder.

   c. Ashfield agrees not to alter or destroy the External Hard Drive or any of the files that it contains.

   d. To the extent any of the agreed-upon documents, files, or contents are password-protected, Jacobson shall provide such passwords to the best of his knowledge and information.

   e. To the extent there is a dispute as to whether Ashfield may review a specific file, the parties will seek to confer about any dispute on this topic no later than 5:00 pm on April 5, 2021 in order to mutually resolve any dispute.

   f. The parties will use best efforts to resolve any such issues, and if the parties are unable to resolve the dispute, either party may raise the issue for resolution by the Court in conformance with Federal Rule of Civil Procedure 37(a)(2) and Local Civil Rue 37(a)(2) not later than 5:00pm on April 6, 2021.

3. In addition to Jacobson's transfer and download of information onto the External Hard Drive, Ashfield alleges based upon its forensic analysis that Jacobson also downloaded Ashfield information onto a thumb drive. To the best of Jacobson's knowledge and information, without having yet been provided with the filenames, he believes that the thumb drive files referenced in the Complaint are not Ashfield files and do not contain Ashfield information, and only refer to Helios files.

   a. Jacobson shall send by FedEx all thumb drives (18 containing documents, labeled numerically, and 16 blank and unlabeled) in his possession, custody or control to the attention of counsel for Ashfield, Attorney Ben Sandlin, at Thompson Hine LLP, 312 Walnut Street, Suite 2000, Cincinnati, OH 45202, and Attorney Sandlin will provide written confirmation of receipt.

3

b.     Counsel shall meet and confer using same procedure as with the files on the External Hard Drive to address whether counsel for Ashfield may access these files.

5.     Deadline to serve First Sets of Expedited Requests for Production (limit 10, including subparts), Expedited Requests for Admission (limit 10, including subparts), and Expedited Interrogatories Served (limit 10, Jacobson wants subparts, and Ashfield does not want subparts) on Opposing Party: <u>Monday, April 5, 2021</u>.  The Parties agree that these written discovery requests will not count against any limits on the number of written discovery requests allowed to be propounded in the case, such as the presumptive 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33(a)(1).

6.     Deadline to respond to First Sets of Expedited Request for Production, Expedited Request for Admission and Expedited Interrogatories: <u>Tuesday, April 13, 2021</u>.

7.     Ashfield Health's Rule 30(b)(6) Deposition, and Mr. Jacobson's Deposition shall be taken over the course of four hours each, <u>not earlier than Friday, April 16, 2021 and not later than Tuesday, April 20, 2021</u>. Mr. Jacobson also desires to take the deposition of Amar Urhekar individually, and that deposition shall be subsumed within the four-hour limit noted above if Amar Urhekar is designated as Ashfield's corporate witness for the purposes of Rule 30(b)(6), and thus the combined Rule 30(b)(6) and individual deposition of Amar Urhekar shall not exceed four hours.  If different or additional person(s) are designated as Ashfield's Rule 30(b)(6) witness(es), the Parties' counsel will confer to reach an agreement regarding the length of such depositions.

a.     In addition to the written transcription, the parties have given permission to video tape their depositions by methods available, depending upon the platform.

b.Any additional cost or surcharge incurred to expedite transcripts, as well as any associated video, of any depositions taken pursuant to the schedule, shall be shared equally by the parties.  The Parties agree for depositions to be held remotely.

8.Jacobson shall submit any opposition, limited to twenty-five pages exclusive of exhibits, to Ashfield's Emergency Motion for Order Seeking Temporary Restraints and Preliminary Injunction [Doc. 3] <u>by 5:00pm on Friday April 23, 2021</u>.

9.Ashfield shall submit its reply, limited to twenty pages exclusive of exhibits, in further support of its Emergency Motion for Order Seeking Temporary Restraints and Preliminary Injunction [Doc. 3] <u>by 5:00pm on Wednesday, April 28, 2021.</u>

10.Evidentiary Hearing/Oral Argument on Motion for Preliminary Injunction: <u>Thursday, April 29, 2021</u> or <u>Friday, April 30, 2021</u>, at a time agreeable with the Court's schedule.

11.Mr. Jacobson shall have an extension of time up to and including May 21, 2021 to provide his response to the Complaint, whether by way of an answer, motion to dismiss, or other filing.

Dated: March 31, 2021　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　/s/ Rebecca Brazzano
　　　　　　　　　　　　　　　　　　　　　　Rebecca A. Brazzano
　　　　　　　　　　　　　　　　　　　　　　335 Madison Ave., 12th Floor
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10017-4611
　　　　　　　　　　　　　　　　　　　　　　Tel:  (212) 344-5680
　　　　　　　　　　　　　　　　　　　　　　Fax:  (212) 344-6101
　　　　　　　　　　　　　　　　　　　　　　Email: rebecca.brazzano@thompsonhine.com

　　　　　　　　　　　　　　　　　　　　　　George B. Musekamp
　　　　　　　　　　　　　　　　　　　　　　Benjamin G. Sandlin
　　　　　　　　　　　　　　　　　　　　　　(PHV Motion to be filed)
　　　　　　　　　　　　　　　　　　　　　　THOMPSON HINE LLP
　　　　　　　　　　　　　　　　　　　　　　312 Walnut Street, Suite 1400
　　　　　　　　　　　　　　　　　　　　　　Cincinnati, Ohio 45202
　　　　　　　　　　　　　　　　　　　　　　Tel: (513) 352-6624
　　　　　　　　　　　　　　　　　　　　　　Fax: (513) 241-4771
　　　　　　　　　　　　　　　　　　　　　　George.Musekamp@ThompsonHine.com
　　　　　　　　　　　　　　　　　　　　　　Ben.Sandlin@ThompsonHine.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Ashfield Health LLC*

　　　　　　　　　　　　　　　　　　　　　　/s/ Steven J. Zakrzewski
　　　　　　　　　　　　　　　　　　　　　　Mitchell L. Fishberg
　　　　　　　　　　　　　　　　　　　　　　Steven J. Zakrzewski
　　　　　　　　　　　　　　　　　　　　　　95 Glastonbury Blvd.
　　　　　　　　　　　　　　　　　　　　　　Suite 206
　　　　　　　　　　　　　　　　　　　　　　Glastonbury, CT 06033
　　　　　　　　　　　　　　　　　　　　　　Tel:  (860) 494-7539
　　　　　　　　　　　　　　　　　　　　　　Fax:  (860) 560-0185
　　　　　　　　　　　　　　　　　　　　　　mfishberg@grsm.com
　　　　　　　　　　　　　　　　　　　　　　szakrzewski@grsm.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Matthew Jacobson*

**IT IS SO ORDERED**.

Date: April 1, 2021

/s/  Victor A. Bolden

Judge Victor Bolden
United States District Court Judge